IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| JOSEPH FAUCHER, | ) | No. C05-1010 JAJ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MOTION TO COMPEL DISCOVERY** |
| | ) | |
| THE ARCHDIOCESE OF DUBUQUE | ) | |
| and WILLIAM T. SCHWARTZ, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff states as follows in support of his Motion to Compel Discovery:

1.    Plaintiff Joseph Faucher ("Faucher") served certain discovery requests on Defendant, The Archdiocese of Dubuque ("Archdiocese") on or about March 22, 2005 and April 15, 2005.

2.    The Archdiocese served responses to these requests on August 9, 2005, which included certain discovery objections as noted below. See Exhibit A attached.

### William T. Schwartz documents

3.    In part, Faucher seeks documents in the possession of the Archdiocese regarding Archdiocesan priest and party Defendant William T. Schwartz.

4.    On August 9, 2005, the Archdiocese identified the existence of 164 documents regarding Schwartz which were not produced.

5.    The Archdiocese has refused to produce these documents based upon

1

certain identified privileges: Article I, Section 3 of the Iowa Constitution; the First Amendment to the U.S. Constitution, the Priest-Penitent Privilege, the Victim Privacy Privilege and/or the Third Party Privilege. <u>See</u> Exhibit A.

6.    Faucher does not seek these documents to discover the identity of other individuals who have submitted complaints of sexual abuse to the Archdiocese, but rather to obtain evidence for use in his case in chief.

7.    The Archdiocese does **not** argue that these documents are irrelevant or outside the scope of the discovery.

8.    It is apparent on the face of the response submitted by the Archdiocese that the privileges identified do **not** belong to the Archdiocese. If such privileges exist in the first instance, they would belong to the person who submitted the complaints themselves.

9.    As indicated, Faucher does not seek these documents to discovery the identity of the persons making complaints against the Archdiocese, and therefore, it is certainly possible for the documents to be produced in a manner which would conceal the identity of the complainant while still allowing Faucher access to the documents for purposes of pursuing his case in chief. Such a balancing of interests would protect any privacy rights that might exist for the complainant, but also allow Faucher to pursue his quest for evidence with which to prove his claims against the Archdiocese.

10.    The freedom of religion articulated in the Iowa Constitution and the U.S. Constitution is not implicated in this situation where no purely ecclesiastical matters are involve and where Faucher is asserting personal injury claims that can be adjudicated by

the Court.

11.    The undersigned counsel, in good faith, have conferred in writing and personally with counsel for the Archdiocese in an attempt to resolve or narrow the issues raised by this motion.  However, the attorneys have been unable to reach an agreement.

12.    Correspondence between counsel regarding these issues include a letter from the undersigned counsel dated August 19, 2005. <u>See</u> Exhibits B, attached.

13.    The undersigned's certification of this discovery dispute is attached. <u>See</u> Exhibit C, attached.

14.    The attorneys have conferred and agreed that the Schwartz documents may be submitted to the Court for an in camera review to determine the validity of each claimed privilege.

FOR THESE REASONS, Plaintiff Joseph Faucher respectfully requests that the Court enter an Order granting his motion to compel as stated herein, and for such other relief as the Court deems just and equitable under the circumstances.  Plaintiff Joseph Faucher requests oral argument.

Respectfully Submitted,

DUTTON, BRAUN, STAACK & HELLMAN, P.L.C
Attorneys for the Plaintiff

BY: _Thomas L. Staack /s/CAS_
    Thomas L. Staack  Iowa Bar #000005220
    LEAD COUNSEL

BY: _Chad A. Swanson_
    Chad A. Swanson  Iowa Bar #000014657

    3151 Brockway Road
    P.O. Box 810
    Waterloo, Iowa 50704
    (319) 234-4471
    (319) 234-8029 FAX
    staackt@wloolaw.com
    swansonc@wloolaw.com

Original to:

Brendan T. Quann
Davin C. Curtiss
O'Connor & Thomas, P.C.
700 Locust Street, 200
P. O. Box 599
Dubuque, IA 52001-0599
ATTORNEYS FOR THE
ARCHDIOCESE OF DUBUQUE

Copy to:

Werner Hellmer
Day & Hellmer, P.C.
1141 Main Street
Dubuque, IA 52001
ATTORNEY FOR
WILLIAM T. SCHWARTZ

I:\Lit\TLS\ABUSE-PRIEST\Faucher\Discovery\Archdiocese\Motion to Compel Discovery.wpd

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

JOSEPH FAUCHER,                          )
                                         )
        Plaintiff,                       )
                                         )
    vs.                                  )
                                         )    No. 2:05-CV-1010-LRR
THE ARCHDIOCESE OF DUBUQUE               )
and WILLIAM T. SCHWARTZ,                 )
                                         )
        Defendants.                      )

### RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS AND FIRST SUPPLEMENTAL REQUEST FOR PRODUCTION OF DOCUMENTS ON BEHALF OF DEFENDANT THE ARCHDIOCESE OF DUBUQUE

COMES NOW Defendant The Archdiocese of Dubuque and hereby responds to Plaintiff's Request for Production of Documents and First Supplemental Request for Production of Documents as follows:

1. The complete personnel files of Defendant Father William T. Schwartz whether maintained by you, or any other parish at which Defendant Father William T. Schwartz served, and such documents that refer, reflect, or relate to the same.

> **See Attachment No. 1. The remainder of the documents contained in Father William T. Schwartz's personnel files are not produced because they are privileged and protected under Article 1, Section 3 of the Iowa Constitution, the First Amendment to the U.S. Constitution, the Victim Privacy Privilege and/or Third-Party Privilege. Those documents not produced are identified in a Privilege Log attached to this Response to Request for Production as Attachment No. 2.**





Page 1 of 15



2. To the extent not included in Request No. 1, all documents submitted for entry in said personnel file, and such documents that refer, reflect or relate to the same or any document that has ever been removed from such file.

> **See Attachment No. 1. The remainder of the documents contained in Father William T. Schwartz's personnel files are not produced because they are privileged and protected under Article 1, Section 3 of the Iowa Constitution, the First Amendment to the U.S. Constitution, the Victim Privacy Privilege and/or Third-Party Privilege. Those documents not produced are identified in a Privilege Log attached to this Response to Request for Production as Attachment No. 2.**

3. To the extent not included in Request No. 1, all correspondence received by the Archdiocese of Dubuque, their predecessors, any other officials of the Archdiocese of Dubuque or any superior of Defendant Schwartz that refers or relates to Defendant Schwartz and such documents that refer, or relate to the same.

> **See Attachment No. 1. The remainder of the documents contained in Father William T. Schwartz's personnel files are not produced because they are privileged and protected under Article 1, Section 3 of the Iowa Constitution, the First Amendment to the U.S. Constitution, the Victim Privacy Privilege and/or Third-Party Privilege. Those documents not produced are identified in a Privilege Log attached to this Response to Request for Production as Attachment No. 2.**

4. To the extent not included in Request No. 1, all records that refer, reflect or relate to any complaints regarding Defendant Schwartz.

> **See Attachment No. 1. The remainder of the documents contained in Father William T. Schwartz's personnel files are not produced because they are privileged and protected under Article 1, Section 3 of the Iowa Constitution, the First Amendment to the U.S. Constitution, the Victim Privacy Privilege and/or Third-Party Privilege. Those documents not produced are identified in a Privilege Log attached to this Response to Request for Production as Attachment No. 2.**

5. To the extent not included in Request No. 1, all other documents that refer, reflect or relate to the records of Defendant Schwartz's education and employment prior to and while they were serving in any capacity within the Archdiocese of Dubuque.

> **See Attachment No. 1. The remainder of the documents contained in Father William T. Schwartz's personnel files are not produced because they are privileged and protected under Article 1, Section 3 of the Iowa Constitution, the First Amendment to the U.S. Constitution, the Victim Privacy Privilege and/or Third-Party Privilege. Those documents not produced are identified in a Privilege Log attached to this Response to Request for Production as Attachment No. 2.**

6. To the extent not included in Request No. 1, all documents that refer, reflect or relate to Defendant Schwartz's abilities to perform his duties, including, but not limited to, any evaluations of performances in connection with any job function or service performed by him while an active or retired priest of the Archdiocese of Dubuque.

> **See Attachment No. 1. The remainder of the documents contained in Father William T. Schwartz's personnel files are not produced because they are privileged and protected under Article 1, Section 3 of the Iowa Constitution, the First Amendment to the U.S. Constitution, the Victim Privacy Privilege and/or Third-Party Privilege. Those documents not produced are identified in a Privilege Log attached to this Response to Request for Production as Attachment No. 2.**

7. Any and all other documents that refer, reflect or relate to any evaluations regarding Defendant Schwartz's performance of his duties.

> **See Attachment No. 1. The remainder of the documents contained in Father William T. Schwartz's personnel files are not produced because they are privileged and protected under Article 1, Section 3 of the Iowa Constitution, the First Amendment to the U.S. Constitution, the Victim Privacy Privilege and/or Third-Party Privilege. Those documents not produced are identified in a Privilege Log attached to this Response to Request for Production as Attachment No. 2.**

8. To the extent not contained in Request No. 1, any and all documents that reflect or evidence or relate to the hiring and supervision of Defendant Schwartz, including, but not limited to, documents received from Defendant Schwartz prior to or commensurate with his seeking and/or obtaining a position as a priest and any and all documents received, obtained or generated by you or your agents concerning Defendant Schwartz's activities prior to his service as a priest including, but not limited to, documents evidencing the transmission or distribution of each such document.

**See Attachment No. 1. The remainder of the documents contained in Father William T. Schwartz's personnel files are not produced because they are privileged and protected under Article 1, Section 3 of the Iowa Constitution, the First Amendment to the U.S. Constitution, the Victim Privacy Privilege and/or Third-Party Privilege. Those documents not produced are identified in a Privilege Log attached to this Response to Request for Production as Attachment No. 2.**

9. To the extent not included in Request No. 1, all documents that refer, reflect or relate to any services (in the nature of counseling, therapy, analysis, or medical treatment or any diagnosis and/or evaluation) received by Defendant Schwartz at your request, or by any parish at which he served, or at their request, including, but not limited to:

a) all medical, psychological, psychiatric and/or psycho-social reports, tests, testing results, diagnostic records, evaluation summaries and/or notes and records;

b) all counseling records, reports and/or notes which related to individual and/or group therapy and/or treatment and/or crisis intervention services;

c) any and all intake records, including, but not limited to, history and referral information;

d) any and all records, reports, treatment log(s), therapy log(s), progress notes, summaries and/or other notes which reflect or relate in any way to any plan, service, diagnosis or prognosis;

e) any and all documents reflecting or evidencing or relating to referrals, recommendations for treatment, services and/or placement for or considered, whether or not such recommendations were made by you or to you;

f) discharge summaries and recommendations;

g) all documents that reflect or evidence or relate to Defendant Schwartz's placement in any medical, psychiatric or other treatment facility;

h) case records, correspondence, memoranda, and file notes relating to the same;

i) any and all lie detector tests or evaluations.

**See Attachment No. 1. The remainder of the documents contained in Father William T. Schwartz's personnel files are not produced because they are privileged and protected under Article 1, Section 3 of the Iowa Constitution, the First Amendment to the U.S. Constitution, the Victim Privacy Privilege and/or Third-Party Privilege. Those documents not produced are identified in a Privilege Log attached to this Response to Request for Production as Attachment No. 2.**

10. To the extent not included in Request No. 9, all documents that refer, reflect or relate to any services (in the nature of counseling, therapy, analysis, or medical treatment, or any diagnosis and/or evaluation) received by Defendant Schwartz regardless by whom provided, including, but not limited to:

a) all medical, psychological, psychiatric and/or psycho-social reports, tests, testing results, diagnostic records, evaluation summaries and/or notes and records;

b) all counseling records, reports and/or notes which related to individual and/or group therapy and/or treatment and/or crisis intervention services;

c) any and all intake records including but not limited to history and referral information;

d) any and all records, reports, treatment log(s), therapy log(s), progress notes, summaries and/or other notes which reflect or relate in any way to any plan, service, diagnosis or prognosis;

e) any and all documents reflecting or evidencing or relating to referrals, recommendations for treatment, services and/or placement for or considered, whether or not such recommendations were made by you or to you;

f) discharge summaries and recommendations;

g) all documents that refer, reflect or relate to his placement in any medical, psychiatric or other treatment facility;

h) case records, correspondence, memoranda, and file notes relating to same;

i) any and all lie detector tests or evaluations.

**See Attachment No. 1. The remainder of the documents contained in Father William T. Schwartz's personnel files are not produced because they are privileged and protected under Article 1, Section 3 of the Iowa Constitution, the First Amendment to the U.S. Constitution, the Victim Privacy Privilege and/or Third-Party Privilege. Those documents not produced are identified in a Privilege Log attached to this Response to Request for Production as Attachment No. 2.**

11. All documents that refer, reflect or relate to any services (in the nature of counseling, therapy, analysis, or medical treatment, or diagnosis and/or evaluation) made available to priests generally, by you or at your request, or by any parish at which the Defendant Schwartz ever served, or at their request.

**Each person is addressed individually on a case-by-case basis. There is no general rule.**

12. To the extent not included in Request No. 1, all correspondence, memoranda, or written evidence of oral communications between Defendant Schwartz, or a representative or attorney on his behalf, and Defendant Archdiocese of Dubuque, or any other official, employee or representative of Defendant Archdiocese of Dubuque, and such documents that refer, reflect or relate to complaints or allegations of misconduct, sexual misconduct or sexual contact with an individual under the age of 18.

**See Attachment No. 1. The remainder of the documents contained in Father William T. Schwartz's personnel files are not produced because they are privileged and protected under Article 1, Section 3 of the Iowa Constitution, the First Amendment to the U.S. Constitution, the Victim Privacy Privilege and/or Third-Party Privilege. Those documents not produced are identified in a Privilege Log attached to this Response to Request for Production as Attachment No. 2.**

13. To the extent not included in Request No. 1, all documents written by Defendant Schwartz that refer, reflect or relate to complaints or allegations of misconduct, sexual misconduct or sexual contact.

> **See Attachment No. 1. The remainder of the documents contained in Father William T. Schwartz's personnel files are not produced because they are privileged and protected under Article 1, Section 3 of the Iowa Constitution, the First Amendment to the U.S. Constitution, the Victim Privacy Privilege and/or Third-Party Privilege. Those documents not produced are identified in a Privilege Log attached to this Response to Request for Production as Attachment No. 2.**

14. To the extent not included in Request No. 1, all documents transmitted or provided by you or other officials or agents of the Archdiocese of Dubuque to Defendant Schwartz and such documents that refer, reflect or relate to complaints of sexual misconduct or sexual contact with an individual under the age of 18.

> **See Attachment No. 1. The remainder of the documents contained in Father William T. Schwartz's personnel files are not produced because they are privileged and protected under Article 1, Section 3 of the Iowa Constitution, the First Amendment to the U.S. Constitution, the Victim Privacy Privilege and/or Third-Party Privilege. Those documents not produced are identified in a Privilege Log attached to this Response to Request for Production as Attachment No. 2.**

15. All documents that refer, reflect or relate to any allegation that or incident in which Plaintiff was physically or sexually abused, or touched in an inappropriate manner, or subject to misconduct as defined herein, including without limitation, documents relating to any investigation, screening or review of such an allegation or incident.

> **See Attachment No. 1. The remainder of the documents contained in Father William T. Schwartz's personnel files are not produced because they are privileged and protected under Article 1, Section 3 of the Iowa Constitution, the First Amendment to the U.S. Constitution, the Victim Privacy Privilege and/or Third-Party Privilege. Those documents not produced are identified in a Privilege Log attached to this Response to Request for Production as Attachment No. 2.**

16. All other documents which refer or relate to Plaintiff, including but not limited to, medical or health care records, school records, employment records, parish records, rectory records, travel expenses, time sheets or work performance records.

> **See Attachment No. 1. The remainder of the documents contained in Father William T. Schwartz's personnel files are not produced because they are privileged and protected under Article 1, Section 3 of the Iowa Constitution, the First Amendment to the U.S. Constitution, the Victim Privacy Privilege and/or Third-Party Privilege. Those documents not produced are identified in a Privilege Log attached to this Response to Request for Production as Attachment No. 2.**

17. All documents containing information, observations, images, and recordings of Plaintiff including, but not limited to tape recordings, video recordings and photographs, and such documents that refer, reflect or relate to the same.

> **See Attachment No. 1. The remainder of the documents contained in Father William T. Schwartz's personnel files are not produced because they are privileged and protected under Article 1, Section 3 of the Iowa Constitution, the First Amendment to the U.S. Constitution, the Victim Privacy Privilege and/or Third-Party Privilege. Those documents not produced are identified in a Privilege Log attached to this Response to Request for Production as Attachment No. 2.**

18. All documents that refer, reflect or relate to interviews, conversations or communications with or from the Plaintiff, his representatives and immediate family, including, but not limited to, transcripts, recordings or other communications of same.

> **See Interrogatory Attachment No. 1 attached to this Defendant's Answers to Interrogatories previously served.**

19. Any and all documents that reflect or evidence or relate to any correspondence, including, but not limited to, letters, cards, notes, memoranda or other writings to or from Plaintiff or his family members by you or your agents, employees or representatives or Defendant Schwartz.

> **See Interrogatory Attachment No. 1 attached to this Defendant's Answers to Interrogatories previously served.**

20. Any and all documents that refer, reflect or relate to Plaintiff's involvement with individual parishes including, but not limited to, certificates of baptism, certificates of confirmation, records of involvement in parish groups or activities, or letters of recommendation by the parish and its representatives.

**The parish records of Joseph Faucher have been requested and will be produced upon receipt.**

21. As to each such item as described in the above requests, provide any documents indicating the:

    a) date created;

    b) time created;

    c) person or party responsible for creating it; and

    d) the circumstances in which it was created.

**The parish records of Joseph Faucher have been requested and will be produced upon receipt.**

22. Your constitution, articles of association, and by-laws, and any annual reports since 1950, or nearest equivalent.

**See Articles of Incorporation, Bylaws and filings with the Iowa Secretary of State attached hereto as Attachment No. 3.**

23. All documents that refer, reflect or relate to policies, pronouncements, orders, rules, regulations or statements that have been issued by the Archdiocese of Dubuque which refer or relate to the issue of sexual relationships/misconduct by priests from 1950 to the present.

**See Interrogatory Attachment Nos. 4, 5, 6, 7 and 8 attached to this Defendant's Answers to Interrogatories previously served. There have also been letters written to parishes and parishioners by The Archdiocese of Dubuque addressing these issues. We will attempt to identify those letters and produce them.**

24. To the extent not included in Request No. 22, all documents that refer, reflect or relate to policies, pronouncements, orders, rules, regulations or statements that have been issued by the Archdiocese of Dubuque that refer or relate to issues of homosexuality or pedophilia and the duties of a parish, a pastor or a parish priest.

**See Defendant's Response to Request No. 23 above.**

25. All documents that refer, reflect or relate to educational materials on the issues of sexual relations between priests and parishioners that have been distributed or made available to priests and others within the Archdiocese of Dubuque.

**See Defendant's Response to Request No. 23 above.**

26. To the extent not included in the foregoing requests, all documents that refer, reflect or relate to educational materials relating to the issues of homosexuality or pedophilia and the duties of a parish, a pastor or a parish priest.

**See Defendant's Response to Request No. 23 above.**

27. Any and all documents that refer, reflect or relate to Course Syllabi and titles of all texts or other educational materials that were used in any seminar or other program on the issue of sexual misconduct involving priests with parishioners or children that were sponsored or participated in by any of the Defendants or the Archdiocese of Dubuque.

**See Defendant's Response to Request No. 23 above.**

28. Any and all documents that refer, reflect or relate to communication between Defendant Archdiocese of Dubuque, its agents or any other person and Defendant Schwartz.

**See Attachment No. 1 to this Response to Request for Production. The remainder of the documents contained in Father William T. Schwartz's personnel files are not produced because they are privileged and protected under Article 1, Section 3 of the Iowa Constitution, the First Amendment to the U.S. Constitution, the Victim Privacy Privilege and/or Third-Party Privilege. Those documents not produced are identified in a Privilege Log attached to this Response to Request for Production as Attachment No. 2.**

29. Any and all documents which refer, reflect or relate to any discussions or communications between any representative of the Archdiocese of Dubuque or any parish at which

Defendant Schwartz served, and their representatives and any other person or entity relating to Defendant Schwartz's alleged sexual contact, sexual misconduct or misconduct with Plaintiff or any other person.

> **See Attachment No. 1 to this Response to Request for Production and Interrogatory Attachment No. 1 attached to this Defendant's Answers to Interrogatories previously served . The remainder of the documents contained in Father William T. Schwartz's personnel files are not produced because they are privileged and protected under Article 1, Section 3 of the Iowa Constitution, the First Amendment to the U.S. Constitution, the Victim Privacy Privilege and/or Third-Party Privilege. Those documents not produced are identified in a Privilege Log attached to this Response to Request for Production as Attachment No. 2.**

30. Any and all documents which refer, reflect or relate to any discussions or communications between Defendant Archdiocese of Dubuque, their representatives or any other person or entity relating to Defendant Schwartz's alleged sexual contact, sexual misconduct or misconduct with Plaintiff or any other person.

> **See Attachment No. 1 to this Response to Request for Production and Interrogatory Attachment No. 1 attached to this Defendant's Answers to Interrogatories previously served . The remainder of the documents contained in Father William T. Schwartz's personnel files are not produced because they are privileged and protected under Article 1, Section 3 of the Iowa Constitution, the First Amendment to the U.S. Constitution, the Victim Privacy Privilege and/or Third-Party Privilege. Those documents not produced are identified in a Privilege Log attached to this Response to Request for Production as Attachment No. 2.**

31. Any and all documents that refer, reflect or relate to the terms of the relationship between Defendant Archdiocese of Dubuque, including, but not limited to, employment contracts or Agreements; disciplinary procedures; work or duty hours requirements; duties and responsibilities of a priest; and duties and responsibilities of Defendant Archdiocese of Dubuque to a priest.

> **When a priest is assigned as a pastor of a Parish, he signs the Profession of Faith in accordance with Canon Law. The Code of Canon Law also defines the relationship that exists between a priest and his Bishop.**

32. Any and all documents that refer, reflect or relate to the qualifications for, and the procedures necessary, for Defendant Schwartz to serve as a priest for the Defendant Archdiocese of Dubuque.

**See Attachment No. 1 to this Response to Request for Production and Interrogatory Attachment Nos. 4, 5, 6, 7 and 8 attached to this Defendant's Answers to Interrogatories previously served .**


33. Any and all documents that refer, reflect or relate to the training and/or education that was provided to Defendant Schwartz by Defendant Archdiocese of Dubuque regarding the procedures for counseling.

**See Attachment No. 1 to this Response to Request for Production and Interrogatory Attachment Nos. 4, 5, 6, 7 and 8 attached to this Defendant's Answers to Interrogatories previously served .**


34. Any and all documents that refer, reflect or relate to rules, regulations or guidelines established by Defendant Archdiocese of Dubuque regarding restrictions on social contacts between Defendant Schwartz and the public.

**See Attachment No. 1 to this Response to Request for Production and Interrogatory Attachment Nos. 4, 5, 6, 7 and 8 attached to this Defendant's Answers to Interrogatories previously served .**


35. Any and all documents that refer, reflect or relate to the procedures of Defendant Archdiocese of Dubuque utilized from 1950 to date to supervise and/or review the performance of priests.

**A mentorship program has recently been established. See Attachment No. 4 to this Response to Request for Production.**


36. Any and all documents that refer, reflect or relate to Defendant Archdiocese of Dubuque's supervision and/or reviews of the performance of Defendant Schwartz.

**See Attachment No. 1. The remainder of the documents contained in Father William T. Schwartz's personnel files are not produced because they are privileged and protected under Article 1, Section 3 of the Iowa Constitution, the First Amendment to the U.S. Constitution, the Victim Privacy Privilege and/or Third-Party Privilege. Those documents not produced are identified in a Privilege Log attached to this Response to Request for Production as Attachment No. 2.**

37. Any and all documents that refer, reflect or relate to Defendant Schwartz's qualifications as a priest within the Archdiocese of Dubuque.

**See Attachment No. 1. The remainder of the documents contained in Father William T. Schwartz's personnel files are not produced because they are privileged and protected under Article 1, Section 3 of the Iowa Constitution, the First Amendment to the U.S. Constitution, the Victim Privacy Privilege and/or Third-Party Privilege. Those documents not produced are identified in a Privilege Log attached to this Response to Request for Production as Attachment No. 2.**

38. Any and all documents that refer, reflect or relate to any change of position, duties or responsibilities of Defendant Schwartz while he was serving as a priest with Defendant Archdiocese of Dubuque, or any affiliated entity of the Roman Catholic Church, or on leave from such positions, and any written documentation of the reasons for such changes.

**See Attachment No. 1. The remainder of the documents contained in Father William T. Schwartz's personnel files are not produced because they are privileged and protected under Article 1, Section 3 of the Iowa Constitution, the First Amendment to the U.S. Constitution, the Victim Privacy Privilege and/or Third-Party Privilege. Those documents not produced are identified in a Privilege Log attached to this Response to Request for Production as Attachment No. 2.**

39. Any and all documents that refer, reflect or relate to annual reports regarding the status of the Archdiocese of Dubuque or its status as a self insurer.

**See Articles of Incorporation, Bylaws and filings with the Iowa Secretary of State attached hereto as Attachment No. 3.**

40. Any and all documents that refer, reflect or relate to the annual financial reports for the Archdiocese of Dubuque and any and all assessments made adjusting parish revenues.

**This Request is objected to as irrelevant and not designed to lead to the discovery of relevant evidence. Plaintiff is not a judgment debtor.**

41. Any and all records, reports or other documents which refer, reflect or relate in any way to your claims as asserted in your affirmative defenses.

**None other than Plaintiff's medical records, Answers to Interrogatories and deposition testimony.**

42. Any and all documents (including but not limited to policies and declaration pages, and all amendatory endorsements procured or sought) that refer, reflect or relate to policies of insurance or insurance (including but not limited to primary, secondary, excess, umbrella or self insurance) which Defendant Archdiocese of Dubuque or Defendant Schwartz have or may have a colorable claim to be or have been insured in connection with the claims asserted in Plaintiffs Petition.

**See Attachment No. 5.**

43. Copies of all discovery documents (i.e., interrogatory answers and all responses to requests for production) produced by the Dubuque Archdiocese during discovery in the case of <u>Daniel J. Ortmann v. Father William Schwartz, et al.</u>, Linn County Law No. LACV049338.

**No such documents exist.**

44. Copies of any and all deposition transcripts from the case of <u>Daniel J. Ortmann v. Father William Schwartz, et al.</u>, Linn County Law No. LACV049338.

**No such documents exist.**

THE ARCHDIOCESE OF DUBUQUE,
Defendant

By _____
Brendan T. Quann          000004440

By _____
Davin C. Curtiss          000014786

Mailing Address:
O'CONNOR & THOMAS, P.C.
P. O. Box 599
Dubuque, IA 52004-0599

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon all parties to the above cause or to their attorneys of record by enclosing the same in an envelope addressed to said parties or their attorneys whose names and addresses appear below this Certificate and delivering a copy to said parties or their attorneys or by mailing the same with postage prepaid, and by depositing said envelope in a United States Post Office Mailbox in Dubuque, Iowa, on the 9th day of August, 2005.

Signature _____

Physical Address:
O'CONNOR & THOMAS, P.C.
Dubuque Building
700 Locust Street, Ste. 200
Dubuque, IA 52001-6874

Telephone:  (563) 557-8400
Facsimile:  (563) 556-1867
E-mail: bquann@octhomaslaw.com
        dcurtiss@octhomaslaw.com

Attorneys for said Defendant.


Original to:

Attorneys Thomas L. Staack and
        Chad A. Swanson
Dutton, Braun, Staack & Hellman, P.L.C.
3151 Brockway Road
P.O. Box 810
Waterloo, IA 50704

Copy to:

Attorney Werner Hellmer
Day, Hellmer & Straka, P.C.
1141 Main Street
Dubuque, IA 52001

# PRIVILEGE LOG

## JOSEPH FAUCHER
### vs.
## FATHER WILLIAM SCHWARTZ

| Bates Stamp # | Document Description | Privilege |
|---|---|---|
| 001000-01(a) | Graviora Delicta Table<br>undated | Iowa Constitution, Article I, Section 3; U. S. Constitution, Amendment I; Victim Privacy Privilege and/or Third Party Privilege. |
| 001002 | Letter to Archbishop Byrne<br>8/25/79 | Iowa Constitution, Article I, Section 3; U. S. Constitution, Amendment I. |
| 001003-12 | Correspondence to and from Archbishop James J. Byrne and Fr. William Schwartz<br>9/6/79 to 12/12/79 | Iowa Constitution, Article I, Section 3; U. S. Constitution, Amendment 1; Priest-Penitent Privilege. |
| 001013-24 | Statements made by victims and accompanying correspondence<br>9/3/79 to 9/18/79 | Victim Privacy Privilege and/or Third Party Privilege |
| 001025-28 | Correspondence from Police Department and/or Archbishop James J. Byrne<br>1/31/83 to 2/15/83 | (Note: 1026 - Iowa Constitution, Article I, Section 3; U. S. Constitution, Amendment I; 1025, 1027, 1028 - ?) |
| 001029-75 | Correspondence and memos between Archdiocese of Dubuque and other parties re victims and family members<br>2/17/92 to 1/3/03 | Victim Privacy Privilege and/or Third Party Privilege; Iowa Constitution, Article I, Section 3; U. S. Constitution, Amendment 1. |
| 001076-1131 | Correspondence between Archbishops of Dubuque and Fr. William Schwartz<br>5/20/92 to 8/24/01 | Iowa Constitution, Article I, Section 3; U. S. Constitution, Amendment I; Victim Privacy Privilege and/or Third Party Privilege. |
| 001131-34 | Correspondence between Archdiocese of Dubuque and Diocese of Phoenix<br>4/15/93 and 3/17/05 | Iowa Constitution, Article I, Section 3; U. S. Constitution, Amendment I. |

| 001135-51 | Correspondence re victim and settlement 7/7/03 to 1/19/05 | Victim Privacy Privilege and/or Third Party Privilege |
|---|---|---|
| 001152-59 | Correspondence between victim and Archdiocese of Dubuque 12/8/03 to 1/10/05 | Victim Privacy Privilege and/or Third Party Privilege |
| 001160-64 | letter from attorney to Archbishop of Dubuque re victim January 19, 2004 | Victim Privacy and/or Third Party Privilege |

August 19, 2005


Brendan T. Quann
O'Connor & Thomas, P.C.
P. O. Box 599
Dubuque, IA 52004-0599

      RE:    Joseph Faucher vs. The Archdiocese of Dubuque, et al.

Dear Brendan:

I have reviewed your response to request for production, including your privilege log and
the refusal to turn over requested documents due to various alleged privileges and
protections, including the Iowa Constitution, the United States Constitution, and a so-called
victim privacy privilege. Obviously, I'd like you to reconsider your statement of privilege.
As I indicated to you in our telephone call recently, we would accept redacted copies of
the documents that would conceal the identify of any victim who is not presently a client
of this law firm. In light of that compromised request from our office, please reconsider
your privilege position and provide those documents to me. If you still refuse, please notify
me so we can take this matter up with the Court. I look forward to your reply.

Very truly yours,

DUTTON, BRAUN, STAACK & HELLMAN, P.L.C.



Chad A. Swanson

CAS:slf
cc:    Joseph Faucher
        Steven Lown
        Donald Schmit



EXHIBIT

FRIEND'S

B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

JOSEPH FAUCHER,                    )        No. C05-1010 JAJ
                                   )
                Plaintiff,         )
                                   )
vs.                                )        **Chad A. Swanson Affidavit**
                                   )
THE ARCHDIOCESE OF DUBUQUE         )
and WILLIAM T. SCHWARTZ,           )
                                   )
                Defendants.        )


State of Iowa                      )
                                   )        ss.
County of Black Hawk               )


I, Chad A. Swanson, state on oath and affirmation and subscribed under the penalty

of perjury pursuant to 28 U.S.C. § 1746 as follows:

1.      I am counsel for Joseph Faucher in the above entitled matter.

2.      In good faith, I have conferred with counsel for the Dubuque Archdiocese,

both personally and in writing, in an attempt to resolve or narrow by agreement the issues

raised by the Motion to Compel Discovery which is being filed contemporaneously with this

affidavit.

3.      The attorneys have been unable to reach an agreement.

4.      The disagreement in this case at this time relates to the production of 164

documents relating to Archdiocesan priest William T. Schwartz.

1


EXHIBIT
FRIEND'S
C

5.    The attorneys have agreed in principle that any documents over which the Archdiocese claims a privilege should be submitted to the Court for an in camera review to determine the validity of such privilege.

All of the foregoing statements are true and correct.

_Chad A. Swanson_
Chad A. Swanson

Subscribed and sworn to before me by Chad A. Swanson this 14 <sup>th</sup> day of September, 2005.



SANDRA J. HYDE
COMMISSION NO. 119266
MY COMMISSION EXPIRES
8 - 31 - 09

_Sandra J. Hyde_
Notary Public

I:\Lit\TLS\ABUSE-PRIEST\Cummins\Discovery\Chad A. Swanson Affidavit.wpd