IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| JOSEPH FAUCHER, | No. CV05-1010 JAJ |
| Plaintiff, | |
| vs. | **PLAINTIFF'S REPLY TO RESISTANCE TO MOTION TO COMPEL DISCOVERY** |
| THE ARCHDIOCESE OF DUBUQUE and WILLIAM T. SCHWARTZ, | |
| Defendants. | |

Plaintiff states as follows in support of his Motion to Compel Discovery and in reply to the Resistance filed by Defendant, the Archdiocese of Dubuque ("Archdiocese"):

## I. The Schwartz documents are not privileged from discovery.

### A. The First Amendment of the United States Constitution and Article I, Section 3 of the Iowa Constitution.

The Archdiocese begins by asserting a privilege based upon the Establishment Clause found in both the United States and Iowa Constitutions. For the reasons that follow, this argument is without merit.

It is important to note that the case at issue is **not** an ecclesiastical matter, and in turn, the discovery of relevant documents from the Archdiocese relating to this case is not an ecclesiastical matter. The pending Complaint is a civil proceeding brought by the

1

Plaintiff against the Archdiocese for money damages based upon conduct that this Court has previously determined to be within the authority of the federal civil court to resolve. See Doe v. Hartz, 52 F.Supp.2d 1027 (N.D. Iowa 1999).

In Iowa, the Establishment Clause has engendered the general rule that civil courts will not interfere in purely ecclesiastical matters, including membership in a church organization or church discipline. Marks v. Estate of Hartgerink, 528 N.W.2d 539, 544 (Iowa 1995). Iowa's civil courts have a long tradition of refraining from interfering in purely ecclesiastical matters. Marks, 528 N.W.2d at 544; see also Holmstrom v. Sir, 590 N.W.2d 538, 540 (Iowa 1999)("[c]ivil courts are precluded by the first amendment from deciding doctrinal issues"). This includes membership in a church organization or church discipline:

> [O]rdinarily the courts have no jurisdiction over, and no concern with, purely ecclesiastical questions and controversies, including membership in a church organization, **but they do have jurisdiction as to civil...rights which are involved in or arise from a church controversy.**

Holmstrom, 590 N.W.2d at 540 (emphasis added)(quoting Brown v. Mt. Olive Baptist Church, 124 N.W.2d 445, 446 (Iowa 1963)); see also Kliebenstein v. Iowa Conference of the United Methodist Church, 663 N.W.2d 404, 406 (Iowa 2003).

This is **not** a case involving church membership or church discipline, nor is it a case involving doctrinal issues of the Roman Catholic Church or this Archdiocese. More specifically, the production of the requested documents relates to Plaintiff's civil rights to maintain a civil action against the Archdiocese for money damages – which is a type of case that has been held does not run afoul of the Establishment Clause.

Similarly, the Archdiocese's reference to Canon Law does not and cannot insulate the Archdiocese from the requirement to disclose these relevant documents. Nothing regarding the Schwartz documents as described by the Archdiocese would declare the documents as a whole to be "confidential" in any way that might cause this Court to even consider the Establishment Clause. While Canon Law may be a source of rules and regulations for the internal discipline and government of the Roman Catholic Church, it is not the source of law for discovery of relevant evidence involving a civil matter that the federal court **can** adjudicate. In other words, even if the Archdiocese were to declare a document to be "confidential" under its own internal operating rule, the Establishment Clause in this circumstance would not prohibit a civil court from declaring that same document to be discoverable in an otherwise permissible civil action brought against the Archdiocese. Were the Court to declare otherwise, then the Archdiocese could use the Establishment Clause to circumvent the Court's own authority over the discovery process in every case simply by declaring documents to be "privileged." Simply put, there is no statute, regulation or case that recognizes a privacy right under Canon Law in the Iowa civil courts. See Roman Catholic Church of Jackson v. Morrison, 905 So.2d 1213, 1247 (Miss. 2005)("this court has never recognized a privilege under the First Amendment to refuse to produce religious-oriented documents. We decline to do so today"); see also Roman Catholic Archbishop of Los Angeles v. Superior Court, 32 Cal.Rptr.3d 209, 219-224 (Cal. App. 2005).

## B. Iowa Code section 622.10.

In addition to citing the Establishment Clause found in both the United States and Iowa Constitutions as a basis for a privilege from discovery, the Archdiocese also cites to Iowa Code section 622.10. For the reasons that follow, this argument is also without merit.

The decision of whether a communication is privileged under Iowa Code section 622.10 is within the sound discretion of the trial court. State v. Burkett, 357 N.W.2d 632, 637 (Iowa 1984). A portion of Iowa Code section 622.10 contains a codification of the "priest-penitent privilege."

There are a number of conditions which must be met before this privilege is allowed:

(1)   That the statements are made in the usual course of the discipline;

(2)   That the person claiming the privilege is allowed by the statute to claim it;

(3)   That the communication was secret; and

(4)   That the statements be penitential in character and made by the penitent.

Cimijotti v. Paulsen, 219 F.Supp. 621, 624 (N.D. Iowa 1963). The communications protected are limited to such as are penitential in their character, or are made to clergymen in obedience to some supposed religious duty or obligation. Cimijotti, 219 F.Supp. at 625; see also State v. Richmond, 590 N.W.2d 33, 34-35 (Iowa 1999).

On the face of the resistance submitted by the Archdiocese, there is no indication that any priest-penitent privilege can be asserted here by the Archdiocese. The Archdiocese argues broadly in its Brief that Iowa Code section 622.10 provides privilege protection to communications *between* priests as well as communications between lay

4

people and clergy members. See Brief, pp. 4-7. Suffice here to indicate that the priest-penitent privilege codified in Iowa Code section 622.10 is narrowly drafted and has similarly been narrowly construed by the Iowa courts, and there is absolutely no law in Iowa that would protect intra-clergy communications as the Archdiocese would lead the Court to believe. The Plaintiff urges the Court to conduct a careful review of the in camera documents and reach a similar conclusion.

FOR THESE REASONS, Plaintiff Joseph Faucher respectfully requests that the Court enter an Order granting his motion to compel as stated herein, and for such other relief as the Court deems just and equitable under the circumstances

Respectfully Submitted,

DUTTON, BRAUN, STAACK & HELLMAN, P.L.C
Attorneys for the Plaintiff

BY: *Thomas L. Staack /s/ CAS*
Thomas L. Staack  Iowa Bar #000005220
LEAD COUNSEL

BY: *Chad A. Swanson*
Chad A. Swanson  Iowa Bar #000014657

3151 Brockway Road
P.O. Box 810
Waterloo, Iowa 50704
(319) 234-4471
(319) 234-8029 FAX
staackt@wloolaw.com
swansonc@wloolaw.com