# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| JOSEPH FAUCHER,<br><br>   Plaintiff,<br><br>vs.<br><br>THE ARCHDIOCESE OF DUBUQUE<br>and WILLIAM T. SCHWARTZ,<br><br>   Defendants. | No. C05-1010<br><br>**ORDER** |

  This matter comes before the court pursuant to plaintiff's September 14, 2005 motion to compel discovery (docket number 20). Specifically, plaintiff seeks to discover 164 pages of documents in the defendant's possession regarding Father William T. Schwartz. Plaintiff alleges in his complaint that he was sexually abused by Father Schwartz during the spring of 1978. The Archdiocese objects to producing the requested documents, arguing they are prohibited from disclosure by Article 1, Section 3 of the Iowa Constitution, the 1st Amendment to the United States Constitution, Iowa Code § 622.10 (the priest-penitent privilege), the victim privacy privilege, and the third-party privilege. Defendant Schwartz has not resisted plaintiff's motion to compel.

  On September 22, 2005, the court ordered that the Archdiocese produce the requested documents for an in camera inspection. The documents were produced on September 28, 2005 and have been reviewed carefully. The court will address the Archdiocese's arguments.

## The Establishment Clause

  The Archdiocese argues that production of the requested documents would violate the Establishment Clause as Canon 384 establishes a confidential relationship between a diocesan bishop and his priests, including their communications, and an order compelling

the production of these documents would violate the church's right to establish its own rules and regulations for internal discipline and governance free from state interference.[1] The Archdiocese contends that compelling production would inhibit religion by destroying the confidential relationship between the bishop and his priests, and would constitute excessive government entanglement with religion. According to the Archdiocese, most of the documents requested by the plaintiff involve correspondence between former Archbishops and Father Schwartz or former Archbishops and other parties, in furtherance of the Archbishop's canonical duties.

The plaintiff argues in response that the freedom of religion articulated in the Iowa Constitution and the U.S. Constitution is not implicated in this case because it is not an ecclesiastical matter, just as the discovery of documents relating to this case is not an ecclesiastical matter. The plaintiff states that this is not a case involving doctrinal issues of the Roman Catholic Church or of the Archdiocese of Dubuque, but instead is a civil action for money damages, which is the type of case that has been held not to run afoul of the Establishment Clause.

The court agrees with the plaintiff. The case at hand is a civil lawsuit which does not rely upon church doctrinal issues. Discovery of the type requested by the plaintiff does not constitute state interference into the church's right to establish its own rules and regulations for internal discipline and governance. Moreover, not all of the documents at issue suggest that they were intended to be confidential, and many of them cannot be characterized as correspondence among priests and bishops in furtherance of their religious duties. For these reasons, the court will not prohibit disclosure of the documents based

---

[1] According to the defendant's brief, the Code of Canon Law serves as the Roman Catholic Church's source of rules and regulations for internal discipline and government. Canon 384 provides: "With special solicitude, a diocesan bishop is to attend to presbyters (priests) and listen to them as assistants and counselors. He is to protect their rights and take care that they correctly fulfill the obligations proper to their state . . . ."

upon either the First Amendment to the United States Constitution nor Article 1, Section 3 of the Iowa Constitution.

## Iowa Code § 622.10

The Archdiocese additionally contends that the requested documents are protected from disclosure by Iowa Code § 622.10, i.e., the "priest-penitent" privilege. According to the Archdiocese, most of the documents at issue constitute confidential communications between and among clergy within the Archdiocese and their Archbishop, and other documents reflect communications to/from lay people to/from clergy members, including the Archbishop. The Archdiocese argues that the communications exist for and are protected by a purpose of a higher order codified by Iowa Code § 622.10 and have not only the hallmarks of the penitential dialogue, but also a broader range of confidentiality rendered in the clergy's professional capacities which were and are necessary and proper for the discharge of the clergy's office. As to those communications to clergy from lay people and any return correspondence, defendant argues, it is equally clear that these communications fall within the protections offered by §622.10. Production of these documents, the Archdiocese contends, would have a chilling effect on the communication to and from clergy and thwart the purposes codified at Iowa Code § 622.10.

Plaintiff counters that the documents at issue are not protected from disclosure by § 622.10 as the "priest-penitent" privilege does not protect intra-clergy communications.

Iowa Code Section 622.10 provides, in pertinent part:

> [A] member of the clergy shall not be allowed, in giving testimony, to disclose any confidential communication properly entrusted to the person in the person's professional capacity, and necessary and proper to enable the person to discharge the functions of the person's office according to the usual course of practice or discipline.

3

In determining whether a communication to a member is protected by § 622.10, the Iowa Supreme Court found that the communication at issue must be: "(1) confidential; (2) entrusted to a person in his or her professional capacity; and (3) necessary and proper for the discharge of the function of the person's office." State v. Richmond, 590 N.W.2d 33, 35 (Iowa 1999). This federal district court has previously found the following conditions must be met before allowing the priest-penitent privilege, "(1) That the statements are made in the usual course of the discipline; (2) That the person claiming the privilege is allowed by the statute to claim it; (3) That the communication was secret; and (4) That the statements be penitential in character[2] and made by the penitent." Cimijotti v. Paulsen, 219 F. Supp. 621, 625 (N.D. Iowa 1963).

In keeping with these parameters, the court rules as follows on the following disputed documents.

| Document(s) - Bates No. | Ruling | Rationale |
|---|---|---|
| 001000-0100(a) | Motion to compel granted. Names of accusers, victims, and their relatives shall be redacted prior to production. | Statements not pentinent in character. Appears to be a business record. |
| 001002PRVL | Motion to compel granted. | Statements not pentinent in character. |

---

[2] Penitential is defined by Dictionary.com as "1. Of, relating to, or expressing penitence. 2. Showing or constituting penance." Penitence is defined as "The condition or quality of being penitent; regret for wrongdoing." Penance is defined as "1. An act of self-mortification or devotion performed voluntarily to show sorrow for a sin or other wrongdoing. 2. A sacrament in some Christian churches that includes contrition, confession to a priest, acceptance of punishment, and absolution. Also called reconciliation."

4

| Document(s) - Bates No. | Ruling | Rationale |
| --- | --- | --- |
| 001003PRVL - 001012(a)PRVL | Motion to compel granted. | Statements not intended to be secret. Statements not pentinent in character. |
| 001013PRVL - 001024PRVL | Motion to compel granted. Names, addresses, birth dates, and other identifying information of any alleged victim or their family members shall be redacted prior to production. | Statements not pentinent in character. Majority of statements not made to member of clergy. Statements not intended to be secret. |
| 001025PRVL - 001028PRVL | Motion to compel granted. Parishioner' and/or alleged victims' or victims' family members' names contained within these documents shall be redacted prior to production. | Statements not pentinent in character. |

| Document(s) - Bates No. | Ruling | Rationale |
|---|---|---|
| 001029PRVL - 001075PRVL | Motion to compel granted as to 001029PRVL - 001033PRVL; 001036PRVL - 001038PRVL; 001039PRVL - 001041PRVL; 001042PRVL - 001043PRVL - 001049PRVL; 001066PRVL; 001073PRVL - 001075PRVL; Parishioner' and/or alleged victims' or victims' family members' names contained within these documents shall be redacted prior to production. Motion denied as to 001034PRVL - 001035PRVL; 001050PRVL - 001065PRVL; 001067PRVL - 001068PRVL; 001069PRVL - 001072PRVL; | Documents ordered produced were not Pentinent in character. Documents not ordered to be produced were intended to be confidential by the lay person and entrusted to the clergy in his official capacity. |
| 001076PRVL - 001130PRVL | Motion to compel granted. Parishioner' and/or alleged victims' or victims' family members' names contained within these documents shall be redacted prior to production. | Documents ordered produced were not Pentinent in character. |

| Document(s) - Bates No. | Ruling | Rationale |
|---|---|---|
| 001131PRVL - 001034PRVL | Motion to compel granted. Parishioner' and/or alleged victims' or victims' family members' names contained within these documents shall be redacted prior to production. | Documents ordered produced were not Pentinent in character. |
| 001135PRVL - 001151PRVL | Motion to compel denied as to 001135PRVL - 001148PRV. Motion to compel granted as to 001149PRVL - 001151PRVL. Parishioner' and/or alleged victims' or victims' family members' names contained within these documents shall be redacted prior to production. | Documents ordered produced were not pentinent in character. Documents not ordered to be produced were intended to be confidential by the lay person and entrusted to the clergy in his official capacity. |
| 001152PRVL - 001159PRVL | Motion to compel denied. | Documents and statements contained therein were intended to be confidential by the lay person and entrusted to the clergy in his official capacity. |
| 001160PRVL - 001164PRVL | Motion to compel denied. | Not relevant nor likely to lead to the discovery of relevant evidence. |

Upon the foregoing,

IT IS ORDERED that plaintiff's motion to compel (docket number 20) is granted and denied as set forth above. The documents produced for the in camera inspection will be returned to defendant's counsel for immediate production to plaintiff's counsel, in accordance with this order.

7

November 7, 2005.

JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT